**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PAUL PROVENZANO, ) | |
| ) | |
| Petitioner, ) | 3:12-cv-00500-LRH-VPC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ROBERT LEGRANDE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

Paul Provenzano, a Nevada prisoner, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF #1-1) and has now paid the filing fee (*see* ECF #4). It appears from the petition that it was submitted outside the applicable limitations period and may be subject to dismissal on that basis.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

According to the habeas petition, petitioner's judgment of conviction was entered on January 31, 2008. Apparently petitioner did not file a direct appeal and thus the judgment of conviction became final on March 3, 2008. *See* Nev. R. App. P. 4(b). He states in his federal petition that on May 24, 2010, he filed a post-conviction petition for writ of habeas corpus with the state district court (*see* ECF #1-1

at 1). The instant federal habeas petition was mailed to the court or handed to a corrections officer for mailing on August 30, 2012, well beyond the one-year time limitation contained in the statute.

Moreover, the court may take judicial notice of its docket and observes that petitioner initiated a habeas petition before this court regarding the same judgment of conviction on May 25, 2009. *See Provenzano v. Warden Palmer*, 2:09-cv-00973-KJD-RJJ. Even at that earlier date, the court issued an order to show cause why that petition should not be dismissed as untimely (ECF #4), which resulted in petitioner filing a notice of voluntary dismissal of the petition (ECF #5).

Petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his right and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that petitioner shall have **thirty (30) days** from the entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period, the court will enter an order dismissing the petition.

DATED this 8th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2