UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL PROVENZANO,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ROBERT LeGRAND, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:12-cv-00500-MMD-VPC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (Dkt. no. 10.)

### I.  PROCEDURAL HISTORY

On April 4, 2007, a grand jury indictment charged petitioner with five counts of sexual assault with a minor under fourteen years of age and eleven counts of lewdness with a child under the age of fourteen. (Exhibit 2.)[1] On November 27, 2007, petitioner signed a guilty plea agreement in which he plead guilty to one count of attempted sexual assault on a minor under fourteen years of age. (Exhibits 3 & 4.) On February 22, 2008, a judgment of conviction was filed, sentencing petitioner to 72-240 months imprisonment, with credit for one day served. (Exhibit 5.) An amended judgment of conviction was filed on November 12, 2008, correcting a clerical error, adding a

---

[1] The exhibits referenced in this order are found in the Court's record at dkt. no. 11.

sentence of lifetime supervision upon his release from prison and an order that petitioner shall register as a sex offender pursuant to NRS 179D.460 upon release from custody. (Exhibit 6.) Petitioner did not file a direct appeal of his conviction.

On May 26, 2009, petitioner filed a motion to correct an illegal sentence in state district court. (Exhibit 7.) The motion alleged that his sentence was illegal and that the court had no jurisdiction because the charges in the indictment were barred by the statute of limitations. (*Id.*) By order filed June 30, 2009, the state district court denied the motion. (Exhibit 10.) Petitioner filed a notice of appeal as to the court's order. (Exhibit 12.) By order filed April 7, 2010, the Nevada Supreme Court affirmed the state district court's denial of petitioner's May 26, 2009, motion to correct an illegal sentence. (Exhibit 23.) Remittitur issued on May 3, 2010. (Exhibit 24.)

On May 24, 2010, petitioner filed a post-conviction habeas petition in state district court. (Exhibit 25.) By written order filed September 8, 2010, the state district court dismissed the petition because it was time-barred pursuant to NRS 34.726. (Exhibit 29.) On September 21, 2010, petitioner filed a notice of appeal. (Exhibit 30.) On April 6, 2011, the Nevada Supreme Court entered an order affirming the state district court's denial of the petition as time-barred, because the petition was filed more than two (2) years after entry of the judgment of conviction, and petitioner failed to show cause and prejudice to excuse the late filing. (Exhibit 32.) –Remittitur issued on May 2, 2011. (Exhibit 33.)

Petitioner filed a second motion to correct an illegal sentence on June 1, 2011. (Exhibit 34.) The State opposed the motion. (Exhibit 35.) On September 1, 2011, the state district court held a hearing on the motion, and on September 13, 2011, the state district court filed its order denying petitioner's second motion to correct an illegal sentence. (Exhibit 36.) Four (4) months later, on January 17, 2012, petitioner filed a motion for rehearing. (Exhibit 38.) By written order filed February 23, 2012, the state district court denied petitioner's motion for rehearing, which was construed as a motion for reconsideration of the court's order denying petitioner's second motion to correct an

illegal sentence. (Exhibit 40.) On March 21, 2012, petitioner filed a notice of appeal from the denial of his second motion to correct an illegal sentence, along with a *pro per* opening brief. (Exhibits 41 & 42.) On May 17, 2012, the Nevada Supreme Court filed an order dismissing the appeal, finding that the notice of appeal was untimely, and that the Court lacked jurisdiction to hear the appeal from a denial of a motion for reconsideration. (Exhibit 43.) On July 25, 2012, the Nevada Supreme Court denied petitioner's motion for rehearing. (Exhibit 44.) Remittitur issued on August 20, 2012. (Exhibit 45.)

On August 30, 2012, petitioner dispatched his federal petition and supporting brief to this Court in the instant case. (Dkt. no. 8, at p. 1.) The petition contains four (4) main grounds for relief, with sub-claims within each ground. (*Id.*, at pp. 1-11.) Respondents have filed a motion to dismiss the petition. (Dkt. no. 10.) Petitioner has filed a response to the motion. (Dkt. no. 13.) Respondents have filed a reply. (Dkt. no. 14.)

## II.   DISCUSSION

Respondents argue that the petition is untimely, as it was filed after the expiration of the AEDPA statute of limitations.

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005). The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a post-conviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

The AEDPA limitations period is tolled while a "properly filed application" for post-conviction relief is pending before a state court. 28 U.S.C. § 2244(d)(2). No statutory tolling is allowed for the period of time between finality of the appeal and the filing of a petition for post-conviction relief or other collateral review in state court, because no state court application is pending during that time. *Nino v. Galaza,* 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia,* 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). No statutory tolling is allowed for the period between the finality of an appeal and the filing of a federal petition. *Nino,* 183 F.3d at 1007. The AEDPA limitation period is not tolled during the time that a federal habeas petition is pending. *Duncan v. Walker,* 533 U.S.

167, 181-82 (2001). An application for state post-conviction relief that violates the state statute of limitations is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005). An application for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jimenez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

A criminal defendant in Nevada has thirty (30) days from the entry of judgment to file his notice of appeal. Nev. R. App. P. 4(b). If the defendant does not seek direct review from the highest state court, the conviction becomes final when the time for seeking such review elapses. 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001). Once the judgment of conviction is final, the defendant has 365 days to file a federal habeas petition. 28 U.S.C. § 2244(d).

In the present case, petitioner's judgment of conviction was filed on February 22, 2008. (Exhibit 5.) Because petitioner did not file a direct appeal, his conviction became final thirty (30) days later, upon the expiration of the time to file a direct appeal, on March 23, 2008. The AEDPA one-year statute of limitations began to run the next day. On March 24, 2009, the AEDPA statute of limitations expired.

On May 26, 2009, petitioner filed his first motion to correct an illegal sentence. (Exhibit 7.) On April 7, 2009, the Nevada Supreme Court affirmed the state district court's denial of the motion to correct an illegal sentence. (Exhibit 23.) While a motion to correct an illegal sentence is generally considered an application for post-conviction relief that may toll the statute of limitations, in the instant case, petitioner filed the motion after the AEDPA limitations period had expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (an application for state post-conviction relief does not toll the AEDPA statute of limitations where the petitioner files it after the AEDPA statute of limitations has expired). Thus, petitioner's motion to correct an illegal sentence did not toll the AEDPA statute of limitations.

On May 24, 2010, petitioner filed an untimely post-conviction habeas petition in the state district court. (Exhibit 25.) The state district court denied the post-conviction habeas petition as untimely pursuant to NRS 34.726. (Exhibit 29.) By order filed April 6, 2011, the Nevada Supreme Court ruled that petitioner's state habeas petition was untimely pursuant to NRS 34.726 and that petitioner failed to show cause and prejudice to excuse the late filing. (Exhibit 32.) An application for state post-conviction relief that violates the state statute of limitations is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005). Thus, the state habeas petition was not a "properly filed application" and did not toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2).

Petitioner's second motion to correct an illegal sentence, filed June 1, 2011, also did not toll the statute of limitations for purposes of 28 U.S.C. § 2244(d)(2), because it was filed after the AEDPA limitations period had expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner dispatched the federal habeas petition on August 30, 2012. The federal petition was filed over three years after the AEDPA limitations period expired on March 24, 2009. The federal petition is untimely.

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 560 U.S. at 650. The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

"[A] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

In his opposition, petitioner argues that the issue of whether the petition is timely "has been laid to rest" because the Court accepted for filing petitioner's affidavit on November 27, 2012, which contained arguments that he is entitled to equitable tolling. (Dkt. no. 13, at pp. 1-2, referring to dkt. no. 6.) Petitioner also asserts that the timeliness of his federal petition has been settled because this Court issued an order on February 13, 2013, requiring respondents to respond to the federal petition, instead of dismissing the petition *sua sponte* as time-barred. (Dkt no. 13, at pp. 1-2, referring to dkt. no. 7.) The Court rejects petitioner's reasoning that, because the Court accepted his affidavit for filing, issues concerning the petition's timeliness and equitable tolling are settled. The Court further rejects petitioner's assertion that the Court's order directing respondents to file an answer or other response to the petition somehow implied that the petition was timely filed. This Court has not previously ruled that petitioner is entitled to equitable tolling, nor has this Court implied that the petition is timely.

In his opposition to the motion to dismiss, petitioner relies on the equitable tolling arguments he raised in his November 27, 2012 affidavit. (Dkt. nos. 13 & 6.) In his affidavit, petitioner claims that he could not timely file his federal petition because from March 9, 2008, to January 9, 2009, he was housed in a 24-hour per day lock-down intake classification unit (administrative segregation) and that he had no access to the law library or legal runners. (Dkt. no. 6.) Petitioner's records from the Nevada Department of Corrections (NDOC) indicate that on his arrival to High Desert State

Prison's intake unit, petitioner met with a caseworker on March 10, 2008, and because he was convicted of attempted sexual assault on a minor, he was housed in administrative segregation pending a transfer to Lovelock Correctional Center. (Exhibit A to Respondents' Reply, at dkt. no. 14-1.) The NDOC case notes show that on March 25, 2008, petitioner requested to be placed in administrative segregation because he claimed numerous enemies due to the nature of his conviction. (*Id.*) The case notes further show that petitioner was transferred to Lovelock Correctional Center on January 9, 2009. (*Id.*)

      Petitioner makes conclusory allegations regarding his lack of access to materials needed to file a petition during the time period in question, from March 9, 2008, to January 9, 2009, at High Desert State Prison. Petitioner provides no documents or other proof to support his allegations that he diligently pursued his rights but that extraordinary circumstances prevented him from timely filing his federal petition. Petitioner does not provide, and does not allege that he submitted to prison officials, any grievance documents, inmate request forms, letters, or complaints regarding not having access to the law library or runners. Petitioner does not allege or provide documentation to show that he requested any state or federal form petitions from the law library. Petitioner also fails to provide any documentation showing that he attempted to contact his counsel to have him send his case file to assist petitioner in filing a state or federal petition. Petitioner filed no documents in state court requesting his case file during the relevant time period, from March 9, 2008, to January 9, 2009. High Desert State Prison's law library operational procedures provide that, for inmates housed in a unit not allowed to physically attend the law library, the inmate may request legal forms and publications from the law library. (Exhibit B to Respondents' Reply, at dkt. no. 14-1.) The written operational procedures indicate that requests received by law library staff will be delivered the next working day following the request. Finally, petitioner's claim that he acted diligently and that he wanted to file a petition, but could not, during his incarceration at High Desert State Prison is belied by the fact that he arrived at Lovelock

Correctional Center on January 9, 2009, but he did not file pleadings in state court until four and a half months later, on May 26, 2009. (Exhibit 7.) Petitioner has not demonstrated that his untimeliness in filing the federal petition was caused by an external impediment, rather than by his own lack of diligence.

Even assuming that petitioner is entitled to equitable tolling during the time period in which petitioner claims that he was denied access to the law library at High Desert State Prison, from March 9, 2008, to January 9, 2009, the federal petition is still time-barred. Starting the AEDPA statute of limitations on January 9, 2009, 137 days of untolled time had passed before petitioner filed his first motion to correct an illegal sentence on May 26, 2009. (Exhibit 7.) On April 7, 2010, the Nevada Supreme Court entered its order affirming the state district court's denial of petitioner's May 26, 2009, motion. (Exhibit 23.) Remittitur issued on May 3, 2010. (Exhibit 24.) The federal limitations period then would have recommenced on May 4, 2010, and, absent tolling, would have expired 228 days later on December 17, 2010.

On May 24, 2010, twenty-one (21) days after the AEDPA limitations period would have recommenced, petitioner filed an untimely post-conviction habeas petition in state court. (Exhibit 25.) On April 6, 2011, the Nevada Supreme Court entered its order affirming the state district court's dismissal of the post-conviction habeas petition. (Exhibit 32.) The Nevada Supreme Court found that the petition was time-barred because it was filed more than two (2) years after the entry of the judgment of conviction and petitioner failed to show cause and prejudice to excuse the untimely filing. (*Id.*) Remittitur issued on May 2, 2011. (Exhibit 33.) Petitioner's post-conviction state habeas petition did not statutorily toll the AEDPA limitations period under 28 U.S.C. § 2244(d)(2) because it was untimely filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005) (a state post-conviction petition that violates the state statute of limitations is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2)). Thus, with equitable tolling, the AEDPA limitations period would have expired on December 17,
///

2010. Petitioner did not dispatch his federal petition until twenty (20) months later, on August 30, 2012. (Dkt. no. 8, at p. 1.)

In summary, the federal petition was filed after the expiration of the AEDPA statute of limitations. Petitioner has failed to meet the burden of establishing that he is entitled to equitable tolling. Further, even if the Court equitably tolled the time period from March 9, 2008, to January 9, 2009, during which petitioner claims a denial of access to the prison law library, the federal petition is still untimely. Accordingly, the federal petition is dismissed with prejudice as untimely.

### III. CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); see also *United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

///

///

## IV. CONCLUSION

It is therefore ordered that the respondents' motion to dismiss (dkt. No. 10) is granted. The petition for a writ of habeas corpus is dismissed with prejudice as untimely.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk shall enter judgment accordingly.

DATED THIS 14th day of February 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE